# EXHIBIT "A"

# EXHIBIT "A"

Electronically Filed
12/29/2020 2:08 PM
Steven D. Grierson
CLERK OF THE COURT

**COMP**
**ERIC R. BLANK, ESQ.**
Nevada Bar No. 06910
**DARREN J. LACH, ESQ.**
Nevada Bar No. 09606
**BRANDON C. VERDE, ESQ., LL.M.**
Nevada Bar No. 14638
**ERIC BLANK INJURY ATTORNEYS**
7860 W. Sahara Avenue, Suite 110
Las Vegas, NV 89117
Telephone: (702) 222-2115
Facsimile: (702) 227-0615
E-mail: service@ericblanklaw.com
*Attorneys for Plaintiff*

CASE NO: A-20-827093-C
Department 2

## DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| MIGUEL ANGEL ARIZMENDI MARTINEZ, an individual, <br><br> Plaintiff, <br><br> vs. <br><br> SMITH'S FOOD & DRUG CENTERS, INC., a foreign corporation; DOE & ROE MAINTENANCE EMPLOYEES; DOE & ROE MAINTENANCE COMPANIES; DOE & ROE EMPLOYEES; DOE & ROE EMPLOYERS; DOE OWNERS I-V; ROE OWNERS I-V; ROE EMPLOYERS I-V; DOES I-V; and ROE COMPANIES I-V, <br><br> Defendants. | Case No.: <br> Dept. No.: <br><br><br> **COMPLAINT** |

Plaintiff, MIGUEL ANGEL ARIZMENDI MARTINEZ, individually, by and through his counsel, ERIC R. BLANK, ESQ., DARREN J. LACH, ESQ., and BRANDON C. VERDE, ESQ., LL.M., of the ERIC BLANK INJURY ATTORNEYS, and for Plaintiff's causes of action against the Defendants, and each of them, complains and alleges as follows:

Page 1 of 7

1. This Court has subject matter jurisdiction over this matter pursuant to NRS 4.370(1), as the matter in controversy exceeds $15,000.00, exclusive of attorney's fees, interest, and costs.

2. This Court has personal jurisdiction in this matter, as the incidents, transactions, and occurrences that comprise the basis of this lawsuit took place in Clark County, Nevada.

3. Upon information and belief, at all times relevant hereto, Plaintiff MIGUEL ANGEL ARIZMENDI MARTINEZ (hereinafter "Plaintiff") was and is a resident of Clark County, Nevada.

4. Upon information and belief, at all times relevant hereto Defendant SMITH'S FOOD & DRUG CENTERS, INC. (hereinafter "Defendant") was and is a foreign corporation doing business in Clark County, Nevada.

5. Upon information and belief, at all times relevant to the incident that is the subject of this litigation, that DEFENDANT DOE & ROE EMPLOYEES and/or DEFENDANT DOE & ROE MAINTENANCE EMPLOYEES (hereinafter collectively referred to as "DEFENDANTS") were residents of Clark County, Nevada and were acting within the course and scope of their employment with DEFENDANTS, and each of them.

6. Upon information and belief, at all times relevant to the incident that is the subject of this litigation, that DEFENDANT DOE & ROE EMPLOYERS I-V employed Defendants, and each of them, and were doing business in the State of Nevada.

7. Upon information and belief, at all times relevant to the incident that is the subject of this litigation, that DEFENDANT DOE & ROE MAINTENANCE COMPANIES and DOE & ROE OWNERS were doing business in the State of Nevada.

8. That the true names and capacities, whether individual, corporate, partnership, associate or otherwise, of Defendants DOES I-V and ROE COMPANIES I-V are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names.

9.      Plaintiff is informed and believes, and thereon alleges, that each of Defendants designated herein as DOE or ROE is responsible in some manner for the events and happenings referred to and caused damages proximately to Plaintiff, as herein alleged, and that Plaintiff will ask leave of Court to amend this Complaint to insert the true names and capacities of Defendants DOES and ROES when the same have been ascertained, and to join such Defendants in this action.

10.      On or about December 31, 2018, Plaintiff, was shopping in the Defendant's store, located at 350 N. Sandhill Blvd., Mesquite, Nevada 89027. At the time of the subject incident, Plaintiff was shopping in the Defendant's store when unexpectedly an employee of Defendants hit Plaintiff with a cart causing him to fall to the ground. As a result of the fall, Plaintiff suffered severe injuries, great pain and anxiety .

**CAUSES OF ACTION**

11.      Plaintiff incorporates by this reference all of the allegations of paragraphs 1 through 10, above, as though completely set forth herein.

12.      That upon information and belief, at all times relevant to this action, Defendant and/or Defendant DOE OWNER and/or Defendant ROE OWNER and/or Defendant MAINTENANCE COMPANY and/or Defendant ROE COMPANY, and each of Defendants (hereinafter "Defendants"), were the owners or lessees and occupied, operated, and/or maintained and controlled those premises located at 350 N. Sandhill Blvd., Mesquite, Nevada 89027, commonly known as SMITH'S wherein they actively operated and/or maintained and/or controlled said premises.

13.      That on or about December 31, 2018, and for some time prior thereto, Defendants (by and through their authorized agents, servants, and employees, acting within the course and scope of their employment), negligently and carelessly owned, maintained, operated, occupied, and controlled the

Premises, and failed to provide adequate safety training for operating shopping carts, causing Plaintiff severe damages as a result of Defendants negligence.

14.     That on or about December 31, 2018, and for some time prior thereto, Defendants, and each of Defendants (by and through their authorized agents, servants, and employees, acting within the course and scope of their employment), negligently and carelessly owned, maintained, operated, occupied, and controlled the subject cart in that an employee of Defendant negligently operated a cart that collided with Plaintiff.

15.     That on or about December 31, 2018, and for some time prior thereto, Defendants, and each of Defendants (by and through their authorized agents, servants, and employees, acting within the course and scope of their employment), negligently and carelessly owned, maintained, operated, occupied, and controlled the Premises, thereon, in that Defendants permitted, allowed and caused said unsafe condition Defendants knew or should have known through the exercise of ordinary care and diligence that the lack of training of operating carts or lack of supervision placed and/or maintained created an unreasonably dangerous condition for anyone walking in the area, and more particularly Plaintiff.

16.     At all times herein concerned or relevant to this action, each of Defendants acted by and through their duly authorized agents, servants, workmen and/or employees, then and there acting within the course of their employment and scope of their authority, for each of Defendants.

17.     That the carelessness and negligence of each of Defendants breached Defendants' duty(s) owed to Plaintiff, including, but not limited to, the following acts, to-wit:

(a) Failure to provide safe walkways for Plaintiff to walk in/on the Premises;

(b) Failure to warn Plaintiff of the oncoming impact of the cart;

(c) Failure to properly supervise the employee that caused the cart to collide with Plaintiff;

(d) Failure to provide adequate training measures, safety protocols, and more specifically training on cart usage that would have prevented the subject incident;

(e) Negligent hiring, training and supervision; and

(f) Respondeat Superior;

18.     That Defendants' breaches of their duties directly and proximately caused the injuries and damages to Plaintiff.

19.     That each of Defendants may have violated certain statutes, ordinances and building codes, which Plaintiff prays leave of Court to insert the exact statutes or ordinances or codes at the time of the trial.

20.     That on or about December 31, 2018, Plaintiff, as a direct and proximate result of the said negligence and carelessness of Defendants, and each of them, was caused to suffer the injuries and damages hereinafter set forth when he was impacted by the cart and fell to the ground as a result of negligent use of the cart and the negligent and careless placement and/or maintenance of said cart, lack of supervision of the subject employee and lack of training on safety protocol, and use of carts.

21.     By reason of the premises, and as a direct and proximate result of the aforesaid negligence and carelessness of each of Defendants, Plaintiff was injured in and about the left ankle, left knee and left hip, and extremities and body, and caused to suffer great pain of body and mind, all or some of the same are chronic and may result in permanent disability and are disabling, all to Plaintiff's damage in an amount in excess of Fifteen Thousand Dollars ($15,000.00).

22.     By reason of the Premises, and as a direct and proximate result of the aforesaid negligence and carelessness of each of Defendants, Plaintiff has been caused to incur medical expenses in excess of Fifteen Thousand Dollars ($15,000.00) and will in the future be caused to expend monies for medical expenses and additional monies for miscellaneous expenses incidental thereto, in a sum presently

unascertainable, which Plaintiff will pray leave of Court to insert the total amount of the medical and miscellaneous expenses when the same have been fully determined at the time of the trial of this action.

23.     Prior to the injuries complained of herein, Plaintiff was an able-bodied person, capable of engaging in all activities for which Plaintiff was otherwise suited.

24.     By reason of the Premises, and as a direct and proximate result of the negligence of Defendants, and each of them, Plaintiff was caused to be disabled and limited and restricted in Plaintiff's occupations and activities, which caused Plaintiff a loss of wages in a presently unascertainable amount, which Plaintiff will pray leave of Court to insert herein when the same shall be fully determined.

25.     Plaintiff has been required to retain the law firm of ERIC BLANK INJURY ATTORNEYS to prosecute this action, and is entitled to reasonable attorney's fees, prejudgment interest and costs.

26.     Defendants, and each of them, willfully, grossly, negligently, and with conscious disregard for the health and safety of others, including but not limited to Plaintiff, failed to properly and adequately maintaining the subject walkway and/or provide proper and adequate warning of the dangerous condition, and injured Plaintiff as alleged herein, and Defendants should be held accountable for such actions and punitive damages imposed against said Defendants.

27.     The actions and/or omissions of Defendants, and each of them, failed to remedy the dangerous condition on their premises and put life and safety at risk for Plaintiff and other invitees.

28.     The actions and/or omissions of Defendants, and each of them, which were willful, reckless, grossly negligent, and done with conscious disregard for the health and safety of members of the community, including but not limited to Plaintiff, were in direct violation of the laws, statutes, ordinances which exist for the safety of persons and property of others, including but not limited to Plaintiff, and those actions entitle Plaintiff to the imposition of punitive damages against Defendants.

WHEREFORE, Plaintiff expressly reserve the right herein to include all items of damages and demands judgment against the Defendants, and each of them, as follows:

1. General damages for Plaintiff in an amount in excess of $15,000.00;

2. Special damages for Plaintiff's medical and miscellaneous expenses as of this date, plus future medical expenses, and the miscellaneous expenses incidental thereto in a presently unascertainable amount in excess of $15,000.00;

3. Special damages for lost wages in a presently unascertainable amount and/or diminution of the earning capacity of said Plaintiff, plus possible future loss of earnings and/or diminution of said Plaintiff's earning capacity in a presently unascertainable amount;

4. Special damages for incurred property damage and other incidental damages;

5. For punitive damages and/or exemplary damages in excess of $15,000.00;

6. Costs of this suit, attorney's fees, and prejudgment interest; and

7. Any other relief as the Court may deem just and proper in the premises.

8. Plaintiff herein demands a trial by jury.

DATED this 29th day of December, 2020.

By: ___ /s/ Darren J. Lach _____
ERIC R. BLANK, ESQ.
Nevada Bar No. 006910
DARREN J. LACH, ESQ.
Nevada Bar No. 009606
BRANDON C. VERDE, ESQ., LL.M.
Nevada Bar No. 14638
ERIC BLANK INJURY ATTORNEYS
7860 W. Sahara Avenue, Suite 110
Las Vegas, NV 89117
*Attorneys for Plaintiff*

Electronically Filed
1/11/2021 2:50 PM
Steven D. Grierson
CLERK OF THE COURT



Job # 11919

# AFFIDAVIT OF SERVICE

**Client Info:**

Eric Blank Injury Attorneys
7860 W. Sahara Ave., Ste. 110
Las Vegas, NV 89117

**Case Info:**

| | |
|---|---|
| **PLAINTIFF:** | **District Court** |
| MIGUEL ANGEL ARIZMENDI MARTINEZ, an individual, | Court Division: Dept. No.: 2 |
| -versus- | County of Clark, Nevada |
| **Defendant:** | |
| SMITH'S FOOD & DRUG CENTERS, INC., a foreign corporation; DOE | Issuance Date: 12/30/2020 Court Case # **A-20-827093-C** |
| & ROE MAINTENANCE EMPLOYEES; DOE & ROE MAINTENANCE | |
| COMPANIES; DOE & ROE EMPLOYEES; DOE & ROE EMPLOYERS; | |
| DOE OWNERS I-V; ROE OWNERS I-V; ROE EMPLOYERS I-V; DOES I | |
| -V; and ROE COMPANIES I-V, | |

**Service Info:**

**Date Received:** 12/30/2020 at 09:51 AM
**Service:** I Served **SMITH'S FOOD & DRUG CENTERS, INC., a foreign corporation**
**With:** SUMMONS-CIVIL; COMPLAINT; INITIAL APPEARANCE FEE DISCLOSURE (NRS CHAPTER 19); DISTRICT COURT
**CIVIL COVER SHEET**
by leaving with Kris, **AUTHORIZED TO ACCEPT**

**At Business RA: CORPORATION SERVICE COMPANY - 112 N. CURRY ST. CARSON CITY, NV 89703**

Latitude: **39.164188**
Longitude: **-119.768164**

On 1/4/2021 at 10:18 AM
**Manner of Service: CORPORATE**
**SERVICE:** was performed by delivering a true copy of this **SUMMONS-CIVIL; COMPLAINT; INITIAL APPEARANCE FEE DISCLOSURE (NRS CHAPTER 19); DISTRICT COURT CIVIL COVER SHEET** to: **Kris , AUTHORIZED TO ACCEPT** at the address of: **RA: Corporation Service Company - 112 N. Curry St. Carson City, NV 89703** with an agent lawfully designated by statue to accept service of process, pursuant to NRS 14.020, a person of suitable age and discretion at the address, which address is the address of the resident agent as shown on the current certificate of designation filed with the Secretary of State or entities usual place of business.

I Jon Salisbury , acknowledge that I am authorized to serve process, in good standing in the jurisdiction wherein the process was served and I have no interest in the above , action. Under penalties of perjury, I declare that I have read the foregoing document and that the facts stated in it are true.

Signature of Server:
**Jon Salisbury**
Lic # 2100
**LV Process and Investigations, LLC**
License #2039
10829 Whipple Crest Ave.
Las Vegas, NV 89166
Phone: (702) 592-3283

Our Job # **11919**

SUBSCRIBED AND SWORN to before me this 8th day of January 2021, by Jon Salisbury
Proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

NOTARY PUBLIC for the state of Nevada

SANDRA GUIDRY
NOTARY PUBLIC
STATE OF NEVADA
My Commission Expires: 10-06-23
Certificate No: 15-3221-2





1 of 1

Electronically Filed
1/25/2021 12:00 PM
Steven D. Grierson
CLERK OF THE COURT

1  **ANSC**
   JERRY S. BUSBY
2  Nevada Bar #001107
   GREGORY A. KRAEMER
3  Nevada Bar #010911
   COOPER LEVENSON, P.A.
4  3016 West Charleston Boulevard - #195
   Las Vegas, Nevada 89102
5  (702) 366-1125
   FAX: (702) 366-1857
6  jbusby@cooperlevenson.com
   gkraemer@cooperlevenson.com
7  Attorneys for Defendant
   SMITH'S FOOD & DRUG CENTERS, INC.
8

9                       DISTRICT COURT

10                 CLARK COUNTY, NEVADA

11 MIGUEL ANGEL ARIZMENDI            CASE NO.: A-20-827093-C
   MARTINEZ, an individual,         DEPT. NO.: II
12
                Plaintiff,
13
   vs.
14
   SMITH'S FOOD & DRUG CENTERS, INC.,   **DEFENDANT SMITH'S FOOD & DRUG**
15 a foreign corporation; DOE & ROE     **CENTERS, INC.'S ANSWER TO**
   MAINTENANCE EMPLOYEES; DOE &         **PLAINTIFF'S COMPLAINT**
16 ROE MAINTENANCE COMPANIES; DOE
   & ROE EMPLOYEES; DOE & ROE
17 EMPLOYERS; DOE OWNERS I-V; ROE
   OWNERS I-V; ROE EMPLOYERS I-V;
18 DOES I-V; and ROE COMPANIES I-V,

19                Defendants.

20

21      COMES NOW, Defendant, SMITH'S FOOD & DRUG CENTERS, INC., by and through its

22 attorney of record, JERRY S. BUSBY, ESQ., of the law firm COOPER LEVENSON, P.A., and hereby

23 answers Plaintiff's Complaint on file herein as follows:

24                              **I.**

25      Paragraphs 1, 2 and 16 of Plaintiff's Complaint state a legal conclusion which is the sole

26 province of the Court to determine. This answering Defendant therefore denies said Paragraphs.

27 / / /

28 / / /

CLAC 6154978.1

## II.

This answering Defendant states that it does not have sufficient knowledge or information upon which to base a belief as to the truth of the allegations contained in Paragraphs 3, 5, 6, 7, 8, 9, 10, 12, 19 and 23 of Plaintiff's Complaint and upon said ground, denies each and every allegation contained therein.

## III.

This answering Defendant admits the allegations contained in Paragraph 4 of Plaintiff's Complaint.

## IV.

This answering Defendant, in response to Paragraph 11 of Plaintiff's Complaint, incorporates herein by reference each and every answer previously alleged to the Paragraphs which the Plaintiff has realleged by incorporation.

## V.

This answering Defendant denies each and every allegation contained in Paragraphs 13, 14, 15, 17, 18, 20, 21, 22, 24, 25, 26, 27 and 28 of Plaintiff's Complaint.

## **AFFIRMATIVE DEFENSES**

### **FIRST AFFIRMATIVE DEFENSE**

Plaintiff did not use reasonable diligence to care for his injuries, thereby aggravating said injuries as a result. Therefore, Plaintiff's claims against this answering Defendant should be denied, or any recovery reduced in proportion to said negligence of Plaintiff.

### **SECOND AFFIRMATIVE DEFENSE**

At the time and place alleged in Plaintiff's Complaint, and for a period of time prior thereto, Plaintiff did not exercise ordinary care, caution, or prudence for the protection of his own safety, and injuries and damages complained of by Plaintiff in the Complaint, if any, were directly and proximately caused or contributed to by the fault, failure to act, carelessness, and negligence of Plaintiff, and therefore Plaintiff's claims against this answering Defendant should be denied, or any recovery reduced in proportion to said negligence of Plaintiff.

/ / /

2

CLAC 6154978.1

WHEREFORE, this answering Defendant prays that Plaintiff take nothing by virtue of his Complaint on file herein; for costs and disbursements incurred in this action; and for such other and further relief as to the Court may deem proper.

Dated this 25th day of January, 2021.

COOPER LEVENSON, P.A.


By   /s/ Jerry S. Busby
Jerry S. Busby
Nevada Bar #001107
Gregory A. Kraemer
Nevada Bar #010911
3016 West Charleston Boulevard - #195
Las Vegas, Nevada 89102
Attorneys for Defendant
SMITH'S FOOD & DRUG CENTERS, INC.

CLAC 6154978.1

3

**CERTIFICATE OF SERVICE**

Pursuant to NRCP 5(b), I certify that I am an employee of COOPER LEVENSON, P.A. and that on this 25th day of January, 2021, I did cause a true copy of the foregoing **DEFENDANT SMITH'S FOOD & DRUG CENTERS, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT** to be served upon each of the parties listed below via electronic service through the Eighth Judicial District Court's Odyssey E-File and Serve System:

Darren J. Lach, Esq.
ERIC BLANK INJURY ATTORNEYS
7860 West Sahara Avenue – Suite 110
Las Vegas, NV 89117
Attorneys for Plaintiff

By   /s/ Theresa H. Rutkowski
An Employee of
COOPER LEVENSON, P.A.

4

CLAC 6154978.1

Electronically Filed
2/12/2021 5:26 PM
Steven D. Grierson
CLERK OF THE COURT

**ERIC R. BLANK, ESQ.**
Nevada Bar No. 06910
**DARREN J. LACH, ESQ.**
Nevada Bar. No. 09606
**ERIC BLANK INJURY ATTORNEYS**
7860 W. Sahara Avenue, Suite 110
Las Vegas, Nevada 89117
Telephone: (702) 222-2115
Facsimile: (702) 227-0615
E-mail: service@ericblanklaw.com
*Attorneys for Plaintiff*

## DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| MIGUEL ANGEL ARIZMENDI MARTINEZ, an individual, | Case No.:   A-20-827093-C |
| | Dept. No.:   19 |
| Plaintiff, | |
| vs. | **PLAINTIFF'S REQUEST FOR EXEMPTION FROM ARBITRATION** |
| SMITH'S FOOD & DRUG CENTERS, INC., a foreign corporation; DOE & ROE MAINTENANCE EMPLOYEES; DOE & ROE MAINTENANCE COMPANIES; DOE & ROE EMPLOYEES; DOE & ROE EMPLOYERS; DOE OWNERS I-V; ROE OWNERS I-V; ROE EMPLOYERS I-V; DOES I-V; and ROE COMPANIES I-V, | |
| Defendants. | |

Plaintiff MIGUEL ANGEL ARIZMENDI MARTINEZ (hereinafter "Plaintiff"), by and through

his undersigned counsel ERIC R. BLANK, ESQ., and DARREN J. LACH, ESQ., of ERIC BLANK

INJURY ATTORNEYS, hereby requests that the above-entitled matter be exempted from arbitration

pursuant to Nevada Arbitration Rules 3 and 5, as this case:

1. _____ presents a significant issue of public policy;

2. _X_ involves an amount in issue in excess of $50,000.00, exclusive of interest and costs;

Page 1 of 5

3. ____ presents unusual circumstances which constitute good cause for removal from the program.

The relevant facts are summarized below.

## I.  FACTS OF THE CASE

This is a premises negligence case arising from an incident which occurred on or about December 31, 2018, wherein Plaintiff MIGUEL ANGEL ARIZMENDI MARTINEZ was shopping at Defendant's store located at 350 N. Sandhill Blvd., Mesquite, Nevada 89027, when unexpectedly an employee of Defendant's store hit Plaintiff with a cart causing him to fall to the ground.  As a result of the fall, Plaintiff suffered severe injuries, great pain and anxiety.

## II.  DAMAGES

Plaintiff sustained significant injuries as a result of the subject incident, including, but not limited to, injuries to his left knee, left leg, left ankle, and left hip.

Plaintiff presented to Randa Bascharon, D.O. of Orthopedic & Sports Medicine Institute of Las Vegas on January 7, 2019, for left knee pain.  Dr. Bascharon ordered an MRI of the Left Lower Extremity on January 7, 2019, at SimonMed.  The MRI of the Left Knee found a horizontal cleavage type tear to the body and anterior horn of the lateral meniscus, and a nondisplaced fracture to the proximal tibia, with intra-articular extension through the tibial spine.  Plaintiff was recommended and received a Left Knee Arthroscopy with Partial Meniscectomy of the Lateral Meniscus, Limited Chondroplasty of the Patellofemoral Joint on January 30, 2020, at Centennial Hills Hospital and Medical Center by Dr. Bascharon.  Plaintiff continues to suffer pain in his left shin and leg as a result of Defendant's negligent actions.

Plaintiff's known medical specials, to date, are:

| MEDICAL PROVIDERS | DATES OF SERVICE | AMOUNT |
|---|---|---|
| ORTHOPEDIC & SPORTS MEDICINE INST. OF NV | 01/07/2019 – 03/02/2020 | $8,090.00 |
| SIMONMED IMAGING | 01/07/2019 – 01/20/2020 | $1,151.20 |
| LAS VEGAS PHARMACY, INC. | 01/20/2020 – 01/20/2020 | $397.64 |

| CENTENNIAL HILLS HOSPITAL | 01/30/2020 – 01/30/2020 | $52,928.00 |
| VALLEY ANESTHESIOLOGY CONSULTANTS | 01/30/2020 – 01/30/2020 | $800.00 |
| | **TOTAL MEDICAL DAMAGES** | **$63,366.84** |

### KNOWN MEDICAL EXPENSES

Plaintiff further anticipates his attorneys will consult with and/or retain an expert(s) to evaluate his future care needs and evaluate the loss of household services estimated to have resulted as a direct result of his injuries sustained from the Defendant's alleged negligence.

These damages, in conjunction with Plaintiff's pain and suffering and loss of value of life, are appropriately determined by a trier of fact and should therefore be considered under the Nevada Arbitration Rules in assessing the value of this case.

**III.   CONCLUSION**

Plaintiff's above-described injuries necessitated medical care and treatment, have caused permanent and disabling symptoms that affect his daily living and enjoyment of life, and are anticipated to require future treatment. In conjunction with Plaintiff's known past medical damages, future medical expenses, life expectancy, lack of symptoms prior to this incident, young age, and ongoing left leg pain, the foregoing has a certain probability of a jury verdict in excess of $50,000.00. As such, this matter should be allowed to proceed to jury trial.

///
///
///
///
///
///
///
///

1    I hereby certify pursuant to N.R.C.P. 11, this case to be within the exemption marked above and

2    to be aware of the sanctions that may be imposed against any attorney or party who without good cause

3    or justification attempts to remove a case from the arbitration program.

4        DATED this 12th day of February, 2021.

5

6                                        By:   /s/ Darren J. Lach
                                              **ERIC R. BLANK, ESQ.**
7                                             Nevada Bar No. 06910
                                              **DARREN J. LACH, ESQ.**
8                                             Nevada Bar No. 09606
                                              **ERIC BLANK INJURY ATTORNEYS**
9                                             7860 W. Sahara Avenue, Suite 110
                                              Las Vegas, Nevada 89117
10                                            *Attorneys for Plaintiff*

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

Pursuant to NEFCR 9, NRCP 5(b) and EDCR 7.26, I certify that on this date, I served the foregoing: **PLAINTIFF'S REQUEST FOR EXEMPTION FROM ARBITRATION** on the following parties, by the selected means:

Jerry S. Busby, Esq.
Gregory A. Kraemer, Esq.
COOPER LEVENSON, P.A.
3016 West Charleston Blvd. - #195
Las Vegas, Nevada 89102
*Attorney for Defendant*

☒ **Odyssey eFileNV**

☐ **FACSIMILE**

☐ **U.S. MAIL**

DATED this 12th day of February, 2021.

/s/ *Elia Barrientos*
An Employee of Eric Blank Injury Attorneys

Electronically Filed
3/3/2021 12:03 PM
Steven D. Grierson
CLERK OF THE COURT

**CDRG**

## DISTRICT COURT

## CLARK COUNTY, NEVADA

Miguel Arizmendi Martinez, Plaintiff(s)

vs.

Smith's Food & Drug Centers  Inc,

Defendant(s)

CASE NO: A-20-827093-C
DEPT. NO: XIX

## COMMISSIONER'S DECISION ON REQUEST FOR EXEMPTION

REQUEST FOR EXEMPTION FILED ON: February 12, 2021

EXEMPTION FILED BY: Plaintiff                OPPOSITION: No

## DECISION

Having reviewed the Request for Exemption, and all related pleadings, the Request

for Exemption is hereby GRANTED.

DATED this 3rd of March, 2021.

ADR COMMISSIONER

1

1

## NOTICE

2    Pursuant to Nevada Arbitration Rule 5(D), you are hereby notified you have five (5) days
3    from the date you are served with this document within which to file written objections
     with the Clerk of Court and serve all parties.  The Commissioner's Decision is deemed
4    served three (3) days after the Commissioner's designee deposits a copy of the Decision in
     the U.S. Mail. **Pursuant to NEFCR Rule 9(f)(2) an additional 3 days is not added to the**
5    **time if served electronically (via e-service).**

6    **A copy of the foregoing Commissioner's Decision on Request for Exemption was**
     **electronically served, pursuant to N.E.F.C.R. Rule 9, to all registered parties in the**
7    **Eighth Judicial District Court Electronic Filing Program on the date of e-filing.**

8    *If indicated below*, a copy of the foregoing Commissioner's Decision on Request for
9    Exemption was also:

10   ☐ Placed in the folder of counsel maintained in the Office of the Clerk of Court on
11   _____, 2021.

12   ☐ Mailed by United States Postal Service, Postage prepaid, to the proper parties listed
     below at their last known address(es) on _____, 2021.
13

14

15
                                    /s/   Loretta Walker
16                                        ADR COMMISSIONER'S DESIGNEE

17

18

19

20

21

22

23

24

25

26

27                                            2

Electronically Filed
5/14/2021 2:50 PM
Steven D. Grierson
CLERK OF THE COURT

1  **DMJT**
   JERRY S. BUSBY
2  Nevada Bar #001107
   COOPER LEVENSON, P.A.
3  3016 West Charleston Boulevard - #195
   Las Vegas, Nevada  89102
4  (702) 366-1125
   FAX:  (702) 366-1857
5  jbusby@cooperlevenson.com
   Attorneys for Defendant
6  SMITH'S FOOD & DRUG CENTERS, INC.

7                        DISTRICT COURT

8                   CLARK COUNTY, NEVADA

9  MIGUEL ANGEL ARIZMENDI              CASE NO.:  A-20-827093-C
   MARTINEZ, an individual,           DEPT. NO.:  XIX
10
                    Plaintiff,
11
   vs.
12
   SMITH'S FOOD & DRUG CENTERS, INC.,    **DEMAND FOR JURY TRIAL**
13 a foreign corporation; DOE & ROE
   MAINTENANCE EMPLOYEES; DOE &
14 ROE MAINTENANCE COMPANIES; DOE
   & ROE EMPLOYEES; DOE & ROE
15 EMPLOYERS; DOE OWNERS I-V; ROE
   OWNERS I-V; ROE EMPLOYERS I-V;
16 DOES I-V; and ROE COMPANIES I-V,

17                    Defendants.

18

19         DEMAND IS HEREBY MADE on behalf of Defendant, SMITH'S FOOD & DRUG CENTERS,

20 INC., by and through its attorney of record, JERRY S. BUSBY, ESQ., of the law firm COOPER

21 / / /

22 / / /

23 / / /

24 / / /

25 / / /

26 / / /

27 / / /

28 / / /

CLAC 6362744.1

1 | LEVENSON, P.A., for trial by jury in the above-entitled matter.

2 |     Dated this 14th day of May, 2021.

3 |                         COOPER LEVENSON, P.A.

4 |

5 |                 By    /s/ Jerry S. Busby

6 |                       Jerry S. Busby
                          Nevada Bar #001107
                          3016 West Charleston Boulevard - #195

7 |                       Las Vegas, Nevada  89102
                          Attorneys for Defendant

8 |                       SMITH'S FOOD & DRUG CENTERS, INC.

9 |

10 |

11 |

12 |

13 |

14 |

15 |

16 |

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

CLAC 6362744.1                         2

1

**CERTIFICATE OF SERVICE**

2      Pursuant to NRCP 5(b), I certify that I am an employee of COOPER LEVENSON, P.A. and

3   that on this 14th day of May, 2021, I did cause a true copy of the foregoing **DEMAND FOR JURY**

4   **TRIAL** to be served upon each of the parties listed below via electronic service through the Eighth

5   Judicial District Court's Odyssey E-File and Serve System:

6      Darren J. Lach, Esq.
       ERIC BLANK INJURY ATTORNEYS
7      7860 West Sahara Avenue – Suite 110
       Las Vegas, NV 89117
8      Attorneys for Plaintiff

9                                           By   /s/ Theresa H. Rutkowski
                                                 An Employee of
10                                               COOPER LEVENSON, P.A.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CLAC 6362744.1

3