JERRY S. BUSBY
Nevada Bar #001107
COOPER LEVENSON, P.A.
3016 West Charleston Boulevard - #195
Las Vegas, Nevada 89102
 (702) 366-1125
FAX: (702) 366-1857
jbusby@cooperlevenson.com
Attorneys for Defendant
SMITH'S FOOD & DRUG CENTERS, INC.

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MIGUEL ANGEL ARIZMENDI MARTINEZ, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>SMITH'S FOOD & DRUG CENTERS, INC., a foreign corporation; DOE & ROE MAINTENANCE EMPLOYEES; DOE & ROE MAINTENANCE COMPANIES; DOE & ROE EMPLOYEES; DOE & ROE EMPLOYERS; DOE OWNERS I-V; ROE OWNERS I-V; ROE EMPLOYERS I-V; DOES I-V; and ROE COMPANIES I-V,<br><br>Defendants. | Case No. 2:21-cv-01199-GMN-NJK<br><br><br>**JOINT PRETRIAL ORDER** |

The parties, by and through their undersigned counsel, hereby submit this Joint Pretrial Order pursuant to Local Rule 16-3. After pretrial proceedings in this cause,

IT IS SO ORDERED:

**I.**

**STATEMENT OF THE FACTS/CONTENTIONS OF THE PARTIES**

This case arises as a result of an incident on December 31, 2018 at the SMITH'S store located in Mesquite, Nevada. On that date, a cart made contact with Plaintiff as it was being pushed by a SMITH'S employee. Plaintiff alleges that the incident caused him to fall, injuring his left knee. After the incident, Plaintiff received medical treatment in Nevada before returning to his home in Mexico. One year later in 2020, Plaintiff returned to Nevada to receive additional medical treatment.

CLAC 6867633.1

**Plaintiff's Contentions:**

Plaintiff contends that the negligence of a SMITH's employee on December 31, 2018, proximately caused injuries to Plaintiff's left knee, hip, leg, ankle and head after the subject incident. Plaintiff contends that SMITH'S negligence has proximately caused Plaintiff $63,366.84 in past medical special damages; proximately caused Plaintiff $103,000.00 in future medical special damages; and proximately caused Plaintiff past and future general damages in an amount to be determined by the jury.

**Defendant's Contentions:**

Defendant denies Plaintiff's allegations of negligence and contends that Plaintiff was also negligent by failing to take actions to prevent the accident from occurring.

Defendant further contends that the injuries claimed by Plaintiff were not proximately caused by the incident at Smith's.

Defendant also contends that Plaintiff failed to mitigate damages by failing to receive conservative medical treatment, including physical therapy, and further by having surgery performed in Nevada rather than in Mexico where the medical costs would have been substantially less.

Defendant also contends that Plaintiff's alleged future damages should be excluded from consideration by the jury as not timely disclosed and not properly substantiated by competent medical testimony. In the alternative, Defendant contends that Plaintiff's evidence of future damages fails to meet the requisite burden of proof.

## II.

## STATEMENT OF JURISDICTION

Plaintiff is a resident of western Mexico. Defendant Smith's Food and Drug Centers, Inc. is a foreign corporation, domiciled in either Ohio or Utah and licensed to do business in the Count of Clark, State of Nevada. This matter involves a claim for damages in excess of $75,000. Jurisdiction is therefore based upon diversity of citizenship under 28 U.S.C. § 1332. The parties admit that jurisdiction is proper and admit that venue is proper pursuant to 28 U.S.C. § 1391.

## III.

## LIST OF CLAIMS FOR RELIEF

Plaintiff's Complaint alleges a cause of action for negligence and negligence per se;

2

CLAC 6867633.1

however, Plaintiff specifically pled that Defendant was negligent in various ways, including the following:

1. Failure to provide safe walkways for Plaintiff to walk in/on the Premises;
2. Failure to warn Plaintiff of the oncoming impact of the cart;
3. Failure to properly supervise the employee that caused the cart to collide with Plaintiff;
4. Failure to provide adequate training measures, safety protocols, and more specifically training on cart usage that would have prevented the subject incident;
5. Negligent hiring, training and supervision; and
6. Respondeat Superior.

As a result of the above allegations of negligence, Plaintiff is claiming:

1) General damages for Plaintiff in an amount in excess of $15,000.00;
2) Special damages for Plaintiff's past medical and miscellaneous expenses in excess of $15,000.00;
3) Special damages for Plaintiff's future medical and miscellaneous expenses in excess of $15,000.00;
4) Costs of this suit, attorney's fees and prejudgment interest; and
5) Any other relief as the Court may deem just and proper in the premises.

Plaintiff has waived his claims for loss or earning and punitive damages.

## IV.

**LIST OF AFFIRMATIVE DEFENSES LISTED IN DEFENDANT'S ANSWER**

In addition to denying Plaintiff's allegations, SMITH'S has also affirmatively pled the following defenses:

1. Failure to mitigate damages; and
2. Comparative negligence.

/ / /

/ / /

/ / /

/ / /

3

CLAC 6867633.1

**V.**

**THE FOLLOWING FACTS ARE ADMITTED BY THE PARTIES AND REQUIRE NO PROOF**

1. Venue is proper in the United States District Court for the District of Nevada in Las Vegas, Nevada.

2. This lawsuit arises out of an accident that occurred on December 31, 2018 at the SMITH'S store in Mesquite, Nevada.

3. Defendant SMITH FOOD & DRUG CENTERS, INC. is the correct entity name for the store located in Mesquite, Nevada where the subject incident took place on December 31, 2018.

4. That a six-wheeled cart came in contact with Plaintiff while standing still inside the SMITH'S store in question.

5. Plaintiff took no action to avoid being struck by the cart.

6. Plaintiff is not claiming any lost wages as a result of the accident on December 31, 2018.

**VI.**

**THE FOLLOWING FACTS, ALTHOUGH NOT ADMITTED, WILL NOT BE CONTESTED AT TRIAL BY EVIDENCE TO THE CONTRARY**

1. Defendant owned and operated the SMITH'S grocery store located at 350 North Sandhill Boulevard, Mesquite, Nevada.

2. SMITH'S is a resident, for purposes of diversity jurisdiction, of the States of Ohio and Utah.

3. Plaintiff is a citizen and resident of Sonora, Mexico.

4. The cart the made contact with Plaintiff in the subject incident was by an employee of SMITH's at the Mesquite, Nevada store.

**VII.**

**THE FOLLOWING ARE THE PARTIES' STATEMENT OF OTHER ISSUES OF FACT TO BE DETERMINED UPON TRIAL**

**A. Plaintiff:**

1. Whether SMITH's was negligent.

2. Whether SMITH's breached duties owed to Plaintiff as alleged in Plaintiff's Complaint.

4

CLAC 6867633.1

3. Whether all of Plaintiff's past medical special damages are reasonable, necessary and proximately caused by Defendant's negligence in the subject incident.

4. Whether all of Plaintiff's future medical special damages are reasonable, necessary and proximately caused by SMITH's negligence in the subject incident.

5. Whether Plaintiff suffered general damages in excess of $15,000.00, including past and future pain and suffering and mental anguish as a result of SMITH's negligence as a result of the subject incident.

6. Whether SMITH'S had no policies or procedures in effect on the date of this incident for the premises in question that regards the investigation of incidents where a person, not an employee, sustains injury and/or alleges to have sustained injury either through a slip, trip, fall, detention, assault, battery or by other means.

7. Whether SMITH's had prior incidents and records of persons who had a cart incident, trip and fall, slip and fall, or other incidents within defendant's premises in question that caused injuries to other persons prior to the subject incident.

8. Whether SMITH'S had subsequent incidents to persons involving a cart incident, trip and fall, slip and fall, or other incidents within the subject location which caused injuries to other persons.

9. Whether there were no sweep logs or other documents as to the cleaning and maintenance of the premises of the 30 days prior to the subject incident, the day of the subject incident and 30 days following the subject incident.

10. Whether there were no policies and procedures for cleaning and maintenance of the carts of the subject property that were in effect on the date of this incident.

11. Whether there were no safety manuals, brochures, guidelines and other written safety materials relating to customer safety for defendant's premises in question that were in effect on the date of the subject incident;

12. Whether Plaintiff is entitled to costs, attorney's fees, prejudgment interest and any other relief deemed appropriate as a result of Defendant's negligence in the subject incident.

/ / /

5

CLAC 6867633.1

B. **Defendant:**

1. Whether Plaintiff was negligent.

2. The amount of negligence attributed to Plaintiff for failing to take any action to avoid the accident.

3. Whether SMITH'S was negligent.

4. Whether Plaintiff can prove that SMITH'S negligently failed to provide adequate safety training for operating shopping carts.

5. Whether Plaintiff can prove that SMITH'S negligently controlled the subject cart.

6. Whether Plaintiff can prove that SMITH'S negligently failed to provide a safe walkway.

7. Whether Plaintiff can prove that SMITH'S negligently failed to warn Plaintiff before impact.

8. Whether Plaintiff can prove that SMITH'S negligently failed to supervise.

9. Whether Plaintiff can prove that SMITH'S negligently hired employees.

10. Whether Plaintiff can prove that SMITH'S violated a statute, rule or ordinance never previously cited during this litigation.

11. Whether Plaintiff's claims for future damages was properly disclosed during this litigation.

12. Whether Plaintiff can sustain his burden of proving damages.

13. Whether any expenses related to Plaintiff's arthroscopic surgery performed by Dr. Bascharon in 2020 can be admitted in evidence.

14. Whether Plaintiff can prove that the SMITH'S accident proximately caused Plaintiff to incur the medical expenses he is claiming in this litigation.

15. Whether Plaintiff's medical expenses were reasonable and necessary.

16. Whether Plaintiff timely and properly disclosed his alleged future damages.

17. Whether Plaintiff's failure to disclose evidence of his preexisting conditions bars or limits his ability to seek damages herein.

18. Whether Plaintiff's failure to apportion medical treatment between his preexisting medical conditions and those caused by the accident bars or limits his ability to seek

6

CLAC 6867633.1

damages herein.

19. Whether Plaintiff failed to mitigate his damages after the accident on December 31, 2018.

20. Whether the subject accident caused any of the injuries alleged by Plaintiff.

## VIII.

## THE FOLLOWING ARE THE CONTESTED ISSUES OF LAW TO BE DETERMINED UPON TRIAL

**A.** **Plaintiff:**

1. The issues of law raised by the parties' anticipated motions *in limine*.
2. Whether Defendant was negligent.
3. Whether Defendant will be allowed to offer any evidence disputing Plaintiff's past medical special damages being reasonable, necessary and proximately caused by the subject incident of December 31, 2018.
4. Whether all of Plaintiff's future medical special damages are reasonable, necessary and proximately caused by SMITH's negligence as a result of the subject incident.
5. Whether Plaintiff incurred general damages in excess of $15,000.00.
6. Whether Defendant will be allowed to offer any evidence of a preexisting medical condition to Plaintiff that was exacerbated by the subject incident.
7. Whether Defendant will be allowed to offer any evidence of prior left knee pain to Plaintiff before the subject incident.
8. Whether Plaintiff was comparatively negligent in the subject incident.
9. Whether Plaintiff failed to mitigate his damages as a result of the subject incident.
10. Whether Defendant can prove the necessary elements of their affirmative defenses.

**B.** **Defendant:**

1. The issues of law raised by the parties' anticipated motions *in limine*.
2. Whether Defendant was negligent.
3. Whether Plaintiff will be allowed to offer any evidence concerning the accident of December 31, 2018 to contradict his admission made during discovery.
4. Whether Plaintiff can sustain his burden of proof that he incurred damages.
5. Whether Plaintiff will be allowed to offer any evidence of damages that contradicts his admission made during discovery.
6. Whether Plaintiff can prove that the SMITH'S accident proximately caused his claimed injuries.
7. Whether Plaintiff can prove the necessary elements for his causes of action.

/ / /

/ / /

/ / /

CLAC 6867633.1

# IX.

# **EXHIBITS**

The following exhibits, although not agreed to as admissible in evidence of this case are subject to be used by the parties:

**(A)  Plaintiff's Exhibits:**

1. Incident Report (DEF-0000001 – DEF-0000003);

2. Customer Statement (DEF-0000004 - DEF-0000005);

3. Evidence Report (DEF-0000006 – DEF-0000008);

4. Witness Statement (DEF-0000009 – DEF-0000010);

5. Witness Statement (DEF-0000011);

6. One (1) black and white copy of receipt from the date of the incident (DEF-0000012);

7. One (1) compilation DVD from the date of the incident labeled: 30191690358 – Miguel Martinez – Date of Loss: 12/31/18 – Store 342 – DXA Files (1 of 1);

8. One (1) DVD – Miguel Martinez – 30191690358-0001;

9. Plaintiff's Complaint;

10. Defendant's Answer to Plaintiff's Complaint;

11. Orthopedic & Sports Medicine Institute of Las Vegas Narrative Reports/Records/Bills dated 01/07/2019 to 03/02/2020;

12. SimonMed Imaging Narrative Reports/Records/Bills dated 01/07/219;

13. Las Vegas Pharmacy Narrative Reports/Record/Bills dated 01/20/2020;

14. Centennial Hills Hospital Narrative Reports/Records/Bills dated 01/30/2020;

15. Valley Anesthesiology Consultants Narrative Reports/Records/Bills dated 01/30/2020;

16. CV and Report of Dr. Randa Bascharon, D.O.

Plaintiff reserves the right to utilize any or all of the medical records produced by either party in this case during this litigation.  Plaintiff further identifies the medical records it produced in this case and which may be offered into evidence at trial:

Plaintiff reserves the right to have its experts utilize radiological studies and or medical literature relevant to their opinions.

8

Plaintiff reserves the right to utilize any impeachment documents and depositions necessary to impeach Defendant SMITH's witness(es) at trial.

**(B)** **Defendant's exhibits:**

1. Incident Report (DEF-0000001 – DEF-0000003);

2. Customer Statement (DEF-0000004 - DEF-0000005);

3. Evidence Report (DEF-0000006 – DEF-0000008);

5. Witness Statement (DEF-0000009 – DEF-0000010);

6. Witness Statement (DEF-0000011);

7. One (1) black and white copy of receipt from the date of the incident (DEF-0000012);

8. One (1) black and white copy of front and back of United States of America Visa Border Crossing Card (DEF-0000013 – DEF-0000014);

9. Letter from Darren J. Lach, Esq. to Sedgwick CMS dated January 8, 2020 (DEF-0000015 – DEF-0000016);

10. Letter from Prove Partners, LLC to Eric Blank, Esq. dated February 19, 2020 (DEF-0000017 – DEF-0000018);

11. Letter from Sedgwick CMS to Eric R. Blank, Esq. dated May 12, 2020 (DEF-0000019);

12. Letter from Darren J. Lach, Esq. to Sedgwick CMS dated November 3, 2020 (DEF-0000020 – DEF-0000021);

13. Letter from Sedgwick CMS to Darren J. Lach, Esq. dated November 3, 2020 (DEF-0000022);

14. Letter from Sedgwick CMS to Darren J. Lach, Esq. dated November 4, 2020 (DEF-0000023);

15. Letter from Sedgwick CMS to Darren J. Lach, Esq. dated November 16, 2020 (DEF-0000024);

16. One (1) compilation DVD from the date of the incident labeled: 30191690358 – Miguel Martinez – Date of Loss: 12/31/18 – Store 342 – DXA Files (1 of 1);

17. One (1) DVD – Miguel Martinez – 30191690358-0001;

18. CV and Report of Dr. Mark L. Winkler; and

19. CV and Report of Dr. Richard M. Dix.

Defendant reserves the right to utilize any or all of the medical records produced by either party in this case during this litigation. Defendant further identifies the medical records it produced in this

9

CLAC 6867633.1

case and which may be offered into evidence at trial:

Defendant reserves the right to have its experts utilize radiological studies and or medical literature relevant to their opinions.

**The following documents may be marked as exhibits, but shall not be admissible in evidence at this time:**

None at this time.

**As to the following exhibits, the party against whom the same will be offered objects to their admission upon the grounds stated:**

The parties reserve the right to object to exhibits. The parties have agreed to reserve any such objections until the time of trial.

**(A)** **Objections as to Plaintiff's exhibits:**

Defendant objects to any and all medical records offered by Plaintiff's attorney until and unless a foundation has been provided to establish, to a reasonable degree of medical probability, that the services rendered was reasonable, necessary and proximately caused by the accident involved in this litigation. In addition, Defendant objects to Plaintiff offering any evidence that is contradicted by admissions he made during discovery in this case.

**(B) Objections as to Defendant's exhibits:**

Plaintiff objects to any and all medical records offered by Defendant's attorney until and unless a foundation has been provided to establish, to a reasonable degree of medical probability, that the services rendered was unreasonable, unnecessary and not proximately caused by the subject incident involved in this litigation. In addition, Plaintiff objects to Defendant offering any evidence that is contradicted by admissions Defendant SMITH's made during discovery in this case.

**(C)** Electronic evidence: The parties anticipate utilizing the court's electronic evidence display system. The parties do not anticipate utilizing native electronic evidence but will be displaying video electronically. This includes the presentation of video electronically to the jury for deliberations. The parties will coordinate with the courtroom administrator as contemplated by the Local Rules.

/ / /

/ / /

10

**Depositions:**

**Plaintiff:** Plaintiff may offer live testimony of any and/or all of the above designated witnesses at trial as necessary to rebut and/or impeach evidence presented by Defendant. In the event that Plaintiff or Dr. Randa Bascharon is legally unavailable to testify at trial, Plaintiff reserves the right to offer portions of their depositions.

**Defendant:** Defendant may offer live testimony of any and/or all of the above designated witnesses at trial as necessary to rebut and/or impeach evidence presented by Plaintiff. In the event that Plaintiff or Dr. Randa Bascharon is legally unavailable to testify at trial, Defendant reserves the right to offer portions of their depositions. Defendant also reserves the right to use Plaintiff's deposition for impeachment purposes at trial.

## X.

## WITNESSES

The following witnesses may be called upon by the parties at trial:

**(A)    Plaintiff's Witnesses:**

1. Miguel Angel Arizmendi Martinez, Plaintiff
   c/o Darren J. Lach, Esq.
   LACH INJURY LAW
   8870 South Maryland Pkwy. – Suite 135
   Las Vegas, NV 89123
   (702) 505-4758

2. Brenda Kuhlman
   c/o Smith's Store No. 342
   350 North Sandhill Boulevard
   Mesquite, NV 89027
   (702) 346-8652

3. Jamie Clark
   c/o Smith's Store No. 342
   350 North Sandhill Boulevard
   Mesquite, NV 89027
   (702) 346-8652

4. Celestine Rowe
   261 Sunvalley Drive - Apt. D6
   Mesquite, NV 89027
   (702) 613-5979

/ / /

/ / /

CLAC 6867633.1

5. Humberto Trujilio
c/o Smith's Store No. 342
350 North Sandhill Bouelvard
Mesquite, NV 89027
(702) 346-8652

6. Craig Demos
c/o Smith's Store No. 342
350 North Sandhill Boulevard
Mesquite, NV 89027
(702) 346-8652

7. Store Director or other Knowledgeable Representative of SMITH'S
c/o COOPER LEVENSON, P.A.
3016 West Charleston Boulevard - #195
Las Vegas, NV 89102
(702) 366-1125

8. Michael Stillman
c/o COOPER LEVENSON, P.A.
3016 West Charleston Boulevard - #195
Las Vegas, NV 89102
(702) 366-1125

9. Mark L. Winkler, M.D.
8 Morning Sky Lane
Las Vegas, NV 89135
(702) 595-6712

10. Richard M. Dix, M.D., JD
1712 Cypress Manor Drive
Henderson, NV 89102
(702) 499-6260

11. Randa Bascharon, D.O.
ORTHOPEDIC & SPORTS MEDICINE INSTITUTE OF LAS VEGAS
7281 W. Sahara Ave., Suite 110
Las Vegas, NV 89117
(702) 947-7790

12. Louis Moore, M.D.
Joseph Kavanagh, M.D.
SIMONMED IMAGING
7455 W. Washington Ave, Ste 120
Las Vegas, NV 89128
(702) 433-6455

13. Mary B. Modowan, RN
Ashley Gagner, RN
Regina Chapman, RN
June Sigman, M.D.
Randa Bascharon, D.O.
CENTENNIAL HILLS HOSPITAL
6900 N. Durango Dr.
Las Vegas, NV 89149
(702) 835-9700

CLAC 6867633.1

14. Carl Lobato M.D.
    Valley Anesthesiology Consultants
    PO Box 400310
    Las Vegas, NV 89140
    (702) 487-6880

15. Ardeshir Rohani, M.D.
    ARDESHIR ROHANI, M.D. LTD – INTERNAL MEDICINE
    3824 S. Jones Blvd, Suite A
    Las Vegas, NV 89103
    (702) 463-3000

16. Person(s) Most Knowledgeable and/or
    Custodian of Records and/or
    LAS VEGAS PHARMACY
    2600 W. Sahara Ave, Suite 120
    Las Vegas, NV 89102
    (702) 220-3906

Plaintiff hereby incorporates all expert witness lists propounded by the Defendant and reserves the right to call rebuttal witnesses to any expert witness called by the Defendant at time of trial. Plaintiff also reserves the right to name any other witness as may be necessary for the purpose of rebuttal and/or impeachment.

Plaintiff further reserves the right to name additional witnesses should they become known. Plaintiff further reserves the right to utilize any witnesses named by Defendant.

**(B)** **Defendant's witnesses:**

1. Miguel Angel Arizmendi Martinez, Plaintiff
   c/o Darren J. Lach, Esq.
   LACH INJURY LAW
   8870 South Maryland Pkwy. – Suite 135
   Las Vegas, NV 89123
   (702) 505-4758

2. Brenda Kuhlman
   c/o Smith's Store No. 342
   350 North Sandhill Boulevard
   Mesquite, NV 89027
   (702) 346-8652

3. Jamie Clark
   c/o Smith's Store No. 342
   350 North Sandhill Boulevard
   Mesquite, NV 89027
   (702) 346-8652

/ / /

13

4.  Celestine Rowe
    261 Sunvalley Drive - Apt. D6
    Mesquite, NV 89027
    (702) 613-5979

5.  Humberto Trujilio
    c/o Smith's Store No. 342
    350 North Sandhill Bouelvard
    Mesquite, NV 89027
    (702) 346-8652

6.  Craig Demos
    c/o Smith's Store No. 342
    350 North Sandhill Boulevard
    Mesquite, NV 89027
    (702) 346-8652

7.  Store Director or other Knowledgeable Representative of SMITH'S
    c/o COOPER LEVENSON, P.A.
    3016 West Charleston Boulevard - #195
    Las Vegas, NV 89102
    (702) 366-1125

7.  Mark L. Winkler, M.D.
    8 Morning Sky Lane
    Las Vegas, NV 89135
    (702) 595-6712

8.  Richard M. Dix, M.D., JD
    1712 Cypress Manor Drive
    Henderson, NV 89102
    (702) 499-6260

Defendant reserves the right to call any medical provider identified by Plaintiff during this litigation. Said medical provider may be called to lay a foundation for their records or to testify regarding their care and treatment rendered to Plaintiff.

Defendant also reserves the right to call any witness identified by Plaintiff.

## XI.

## TRIAL DATE

Counsel have met and herewith submit three (3) agreed-upon trial dates:

1.  September 13, 2022

2.  October 11, 2022

3.  November 8, 2022

///

CLAC 6867633.1

14

It is expressly understood by the undersigned that the court will set the trial of this matter on one of the agreed upon dates, if possible; if not, the trial will be set at the convenience of the Court's calendar.

## XII.

## **TIME FOR TRIAL**

It is estimated that the trial herein will take a total of 2-4 days.

| DATED this 28th day of April, 2022. | DATED this 28th day of April, 2022. |
|---|---|
| Lach Injury Law | Cooper Levenson, P.A. |
| /s/ Darren J. Lach | /s/ Jerry S. Busby |
| Darren J. Lach, Esq. | Jerry S. Busby, Esq. |
| Nevada Bar No. 09606 | Nevada Bar No. 1107 |
| 8870 S. Maryland Pkwy., Suite 135 | 3016 West Charleston Boulevard, Suite 195 |
| Las Vegas, Nevada 89123 | Las Vegas, Nevada 89102 |
| Attorney for Plaintiff | Attorneys for Defendant |

## XIII.

## **ACTION BY THE COURT**

This case is set for ~~court~~/jury trial on the ~~fixed~~/stacked calendar on  October 17, 2022 at 8:30 a.m. Calendar call will be held on  October 11, 2022 at 9:00 a.m.

DATED: April 29, 2022

_____
UNITED STATES DISTRICT JUDGE